UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OSCAR MORALES, SR., ET AL. | CIVIL ACTION |
| VERSUS | NO. 20-996 |
| ANCO INSULATIONS INC., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant Huntington Ingalls's ("Avondale") motion under Federal Rule of Civil Procedure 54(b) for entry of a final judgment.[1] Plaintiffs do not oppose the motion. For the following reasons, the Court grants the motion.

### I.   BACKGROUND

This case arises from occupational exposure to asbestos. Oscar Morales, Sr. alleges that he contracted mesothelioma as a result of exposure to asbestos during his employment at Avondale.[2] Morales worked as a tacker for Avondale from December 1, 1970 to January 26, 1973.[3] He asserts that during this time period he "was frequently and regularly exposed to and did

---

[1]   R. Doc. 154.
[2]   R. Doc. 1 ¶ 17.
[3]   *Id.* ¶ 17-18.

inhale or otherwise ingest substantial amounts of harmful asbestos particles and dust."[4] Plaintiffs allege that Morales was exposed to asbestos at Avondale from: (1) turbines and insulation, manufactured or supplied by General Electric,[5] (2) boilers and insulation, manufactured or supplied by Foster Wheeler,[6] and (3) the cutting and installing of wallboard, manufactured by Westinghouse.[7] In February 2020, Morales was diagnosed with malignant mesothelioma.[8]

On March 24, 2020, Morales sued a number of defendants, including Avondale, asserting claims of negligence and strict liability under Louisiana law.[9] During the pendency of this action, on May 6, 2020, Morales died, and his surviving heirs, Olimpia Morales and Oscar Morales, Jr., were substituted as plaintiffs.[10] On September 1, 2020, plaintiffs filed a supplemental and amended complaint, re-alleging Morales's prior claims, and asserting an additional claim for wrongful death under Louisiana law.[11]

---

4 *Id.* ¶ 19.
5 R. Doc. 101-9 at 2 (Plaintiffs' Responses to GE's Interrogatories).
6 R. Doc. 101-10 at 2 (Plaintiffs' Responses to Foster Wheeler's Interrogatories).
7 R. Doc. 101-11 at 2 (Plaintiffs' Responses to Westinghouse's Interrogatories).
8 R. Doc. 1 ¶ 21.
9 R. Doc. 1.
10 R. Doc. 51 ¶¶ 1-2.
11 *Id.* ¶ 3.

Plaintiffs also added more defendants, including individual Avondale executive officers, and Lamorak[12] and Travelers, in their capacities as Avondale's liability insurers.[13]

On February 9, 2021, Avondale and Lamorak Insurance Company ("Lamorak") moved for summary judgment, contending that plaintiffs' state-law tort claims are preempted by the Longshore and Harbor Workers' Compensation Act ("LHWCA").[14]  On February 10, 2021, Travelers Indemnity Company ("Travelers") moved for summary judgment on the same grounds.[15]  The Court granted the defendants' motions and dismissed plaintiffs' claims against the Avondale, Lamorak, and Travelers with prejudice.[16]  Avondale now moves for partial final judgment under Rule 54(b).[17]  The motion is unopposed.

---

[12]   Lamorak was improperly named as OneBeacon America Insurance Company in plaintiff's supplemental complaint. R. Doc. 101-1 at 1 & n.1.
[13]   R. Doc. 51 ¶¶ 6-10.
[14]   R. Doc. 101.
[15]   R. Doc. 103.
[16]   R. Doc. 142.
[17]   R. Doc. 154.

## II.     DISCUSSION

Federal Rule of Civil Procedure 54(b) permits the Court to enter "final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020) (stating that the district court "should" enter a Rule 54(b) judgment provided "there is no just reason for delay") (quoting Fed. R. Civ. P. 54(b)). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.* It is the district court's "duty to weigh 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). In determining the risk of piecemeal appeals, a relevant factor is "whether the nature of the claims to be determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent

4

appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)).

Here, the Court dismissed Avondale, Lamorak, and Travelers because the LHWCA preempts plaintiffs' state-law tort claims against those parties.[18] Besides Avondale, Lamorak, and Travelers, no other litigant raised the preemption issue. By issuing a Rule 54(b) judgment as to these parties, there is no risk that a subsequent appeal in this case will present the Fifth Circuit with the same legal question. But the Court notes that neither Travelers nor Lamorak have moved for entry of a Rule 54(b) judgment. In order to avoid the risk of piecemeal appeals, the Court includes Lamorak and Travelers in its Rule 54(b) judgment. *See* Fed. R. Civ. P. 54(b) (stating that "the *court may* direct entry of a final judgment" under the Rule (emphasis added)); *Phillips v. Whittington*, No. 17-1524, 2020 WL 9311950, at *3 (W.D. La. Nov. 30, 2020) (*sua sponte* issuing a Rule 54(b) judgment). Accordingly, the Court finds that the risk of piecemeal appeals does not weigh against granting the Rule 54(b) motion.

Further, the Court finds that Avondale may suffer prejudice if the Court does not grant its motion. Avondale represents that the LHWCA preemption

---

[18] R. Doc. 142 at 19.

issue has arisen in numerous cases throughout the Eastern District and Middle District of Louisiana.[19] Considering the numerous cases in which the preemption issue has arisen, and the likelihood that it will continue to arise in future cases, the Court finds that delaying the potential appeal in this case would prejudice Avondale. Specifically, the Court notes that Avondale will have to litigate the preemption question repeatedly in the district courts until the Fifth Circuit resolves the issue. The need to relitigate an issue is a prejudice that can be alleviated by expediting the time in which plaintiffs can appeal this Court's summary judgment decision. The Court finds that this factor further weighs in favor of granting Avondale's motion.

Moreover, issuing a partial final judgment will serve the interest of judicial economy by hastening the ultimate resolution of the preemption question. A decision on appeal will assist the numerous courts to which the question is presented. The Court finds that this too weighs in favor of granting Avondale's motion. *Cf. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Westinghouse Elec. Corp.*, 631 F.2d 1094, 1099 (3d Cir. 1980) (affirming the district court's entry of partial final judgment under Rule 54(b) when the district court considered arguments that "the claim involved a novel issue which is likely to recur" and finding that this

---

[19] R. Doc. 154-1 at 6 & n.35.

factor "weigh[s] in favor" of granting certification under Rule 54(b)) (internal quotation marks omitted)).

For these reasons, the Court finds that the risk of piecemeal appeals is outweighed by the risk that delay will prejudice Avondale. The Court thus determines that there is no just reason for the delay. Accordingly, the Court grants Avondale's motion for a partial final judgment under Rule 54(b).

## III.  CONCLUSION

For the foregoing reasons, the Court GRANTS Avondale's unopposed motion for Rule 54(b) final judgment.[20] The Court directs entry of a final judgment in favor of Avondale, Lamorak, and Travelers.

New Orleans, Louisiana, this __21st__ day of July, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20]  R. Doc. 154.